PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* SANTOS RODRÍGUEZ, Defendant and Appellant.

No. 3285. Argued November 7, 1927.—Decided November 30, 1927.

*Francisco Cervoni Gely* for the appellant. *José E. Figueras* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The judgment before us was rendered on the 21st of December, 1926, and an appeal was taken on the same day, whereon likewise the appellant obtained an extension of thirty days to present a statement of the case. Then successively the appellant obtained about six other extensions of time of thirty days each. On the 17th day of June, 1927, the latest of these extensions was granted and was pending in the district court when on the 14th of July, 1927, the appellee moved in this court that the case be dismissed.

The government shows that the appellant did nothing more than ask for extensions, took no step to urge the stenographer to reproduce his notes, and no statement has in fact been presented.

The motion to dismiss was notified to the appellant on the 15th of July, 1927. The hearing was set for the 26th of July and at the petition of appellant was postponed. Three

months of vacation went by, and the case being set for November 7th, both parties appeared, but the appellant did nothing more than to deny the authority of this court to consider the question raised.

Rule 59 of this court provides:

"After the expiration of ninety days from the time of the notice of the appeal, and even if any extension of time has been allowed by the court below, any case not previously filed in this Court may, in the discretion of the Court, be dismissed on motion if it be shown satisfactorily that the appellant has not prosecuted his appeal with due diligence or in good faith, or that the appeal is a frivolous one."

The appellant falls squarely within this rule.

We might perhaps be disposed to exercise our discretion in favor of appellant if any reason for this long delay had been presented, especially if the said appellant had made some showing of the importance of the legal questions involved. We have nothing before us except a denial of our jurisdiction to act.

After an appeal is taken jurisdiction is transferred to this court. Under the law and our rules the district courts are given authority to extend the time for filing statements, but we have the inherent right to dismiss for lack of diligence, as exemplified by Rule 59, *supra*.

We find nothing in the cited case of *Saras* v. *Heir of Saras*, 31 P.R.R. 914, to conflict with our authority.

The appeal should be dismissed.